```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| MARK WALLACE, | : | CIVIL ACTION |
| | : | NO. 12-1217 |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| FEDERAL DETENTION CENTER, et al., | : | |
| | : | |
|     Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                                  December 18, 2012

Mark Wallace, a.k.a. Mark Green (Petitioner), is a federal prisoner incarcerated at Federal Correctional Institution Otisville in Otisville, NY.[1] Petitioner filed a § 2241 Habeas Corpus Petition (§ 2241 Petition, ECF No. 1) based on six claims that Federal Detention Center (FDC) Philadelphia deprived him of a liberty interest without due process of law by revoking some of his good-time credits without following Federal Bureau of Prisons (BOP) procedures. He seeks to have his good-time credits restored. For the reasons set forth below, the Court will deny and dismiss with prejudice the § 2241 Petition.

---

[1] All events that form the basis of Petitioner's claims occurred while he was incarcerated at FDC Philadelphia in Philadelphia, PA, awaiting sentencing after being convicted of federal conspiracy, aiding and abetting, and ID-theft crimes. He was transferred to FCI Otisville on or about June 14th, 2012, shortly after filing the § 2241 Petition. Notice of Change of Address, June 20, 2012, ECF Nos. 8-9.

## I. BACKGROUND

On February 5, 2011, Petitioner was involved in a fight with several of his fellow inmates at FDC Philadelphia involving the use of broken, sharpened broomsticks as weapons. BOP officials investigated the circumstances surrounding the fight and determined Petitioner was an active participant. He was issued two incident reports, one stemming from the fight itself and one from the aftermath. Together, the charges included possession of a weapon, fighting, attempting to assault any person, and refusing an order of a staff member.

According to the findings of the Discipline Hearing Officer (DHO), video surveillance recorded Petitioner engage in a verbal argument with another prisoner, which escalated into a physical altercation. Resp't's Resp. Ex. A, at 2, ECF No. 10. The two repeatedly struck each other with the broken broomsticks; Petitioner stabbed the other prisoner in the eye with a pen or pencil and received multiple lacerations himself. Id. An intervening officer observed Petitioner disregard an order to disengage and instead enter another prisoner's cell, where Petitioner twice attempted to stab the prisoner with his broomstick. Id. Ex. B, at 1. Petitioner was ordered to drop his weapon and lie down on the floor, but he refused this order. Id. Petitioner admits that he was involved in the fight but claims

he only acted in self-defense. Pet'r's Resp. ¶ 3, ECF No. 11; Resp't's Resp. Ex. A, at 1; Id. Ex. B, at 4-5.

The BOP conducted an investigation that was completed on April 6, 2011, about two months after the incident. Resp't's Resp. Ex. A, at 1; Id. Ex. B, at 1, 4. During the length of the investigation, Petitioner was placed in solitary confinement within the prison's Special Housing Unit (SHU). Pet'r's Resp. ¶ 9. The BOP issued the two incident reports and provided Petitioner with copies of the report the day the investigation ended. Resp't's Resp. Ex. A, at 1; Id. Ex. B, at 1, 4. After two hearings one week later, on April 13, 2011, the DHO determined that Petitioner had committed the acts as charged and disallowed 107 days' worth of good-time credits. Id. Ex. A, at 3; Id. Ex. B, at 5.

**II. PROCEDURAL HISTORY**

After the DHO hearing and determination on April 13, 2011, Petitioner timely appealed to each of the FDC Philadelphia warden, the Regional Director, and the Office of General Council in Washington, D.C. Petitioner's appeal was denied at each level. § 2241 Pet. 4. Having properly exhausted his administrative claims, he filed the instant § 2241 Petition on March 8, 2012. § 2241 Pet. 3. The Court ordered the U.S. Attorney's Office for the Eastern District of Pennsylvania to

file a response, and it did, on June 29, 2012. Petitioner filed a reply brief shortly thereafter.[2] The Court has reviewed the § 2241 Petition, the Government' Response, and the Petitioner's supplemental briefing. The matter is now ripe for disposition.

**III. § 2241 PETITION**

Two federal statutes, 28 U.S.C. §§ 2241 and 2255, confer federal jurisdiction over habeas petitions filed by federal inmates. Section 2255 only confers jurisdiction over "challenges [to] the validity of the petitioner's sentence." Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Id. (emphasis added) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). The execution of a federal prisoner's sentence includes "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Woodall, 432 F.3d at 241 (quoting Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)). A claim challenging the deprivation of good-time credits is also properly brought under

---

[2] Petitioner titled his reply "Defendant's Response to Motion to Dismiss." Pet'r's Resp. 1.

§ 2241. Campbell v. Holt, 432 F. App'x 49, 50 (3d Cir. 2011) (per curiam); Barner v. Williamson, 233 F. App'x 197 (3d Cir. 2007) (per curiam).

**IV. DISCUSSION**

Petitioner brings six due process arguments.[3] He first makes three claims that BOP officials violated their own regulations. He also claims they retaliated against him for filing a complaint against an officer by falsifying the incident reports and unjustly holding him in solitary confinement. Finally, he challenges the sufficiency of the evidence relied upon at the hearings. Based on the Petitioner's § 2241 Petition and the evidence of record, the Court finds that Petitioner is not entitled to relief.

---

[3] In his § 2241 Petition, Petitioner lists three due process claims: violations of 28 C.F.R. §§ 541.5(a) and 541.7(c), as well as a retaliation claim relating to the incident reports. § 2241 Pet. 7-8. Petitioner adds three claims in his reply to the Government: a violation of 28 C.F.R. § 541.8(h), retaliation relating to unlawful imprisonment in solitary confinement, and a challenge to the sufficiency of the evidence relied upon at the hearings. Pet'r's Resp. 4-6. Although "[i]t is improper for a party to present a new argument in [a] reply brief," United States v. Martin, 454 F. Supp. 2d 278, 281 (E.D. Pa. 2006) (Robreno, J.) (quoting United States v. Medeiros, 710 F. Supp. 106, 109 (M.D. Pa. 1989)), because Petitioner's second set of arguments also stem from the general Fourteenth Amendment claim listed in the § 2241 Petition, the Court will nevertheless consider the claims raised in Petitioner's reply.

5

Federal prisoners have a liberty interest in statutory good-time credits and are entitled to an impartial hearing that includes the opportunity to present evidence. Campbell, 432 F. App'x at 51 (citing Vega v. United States, 493 F.3d 310, 317 n.4 (3d Cir. 2007)). The Supreme Court has set forth three factors, known as the Wolff factors, that BOP officials must satisfy in order to comply with procedural due process when holding disciplinary hearings:

> "Where a prison disciplinary hearing may result in the loss of good time credits, . . . an inmate must receive: (1) [at least 24 hours'] advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."

Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Also, the disciplinary decision need only be supported by "some evidence," which is "any evidence in the record that could support the conclusion reached by the disciplinary board." Campbell, 432 F. App'x at 51. Violations of BOP regulations do not also violate due process unless they fail to comport with the Wolff factors and they unduly prejudice a prisoner. See Wilson v. Ashcroft, 350 F.3d 377, 380-81 (3d Cir. 2003); Douglas v. Zickefoose, No. 11-406, 2012 WL 266364, at *10 (D.N.J. Jan. 27, 2012).

A.  BOP Regulatory Violation Claims

Petitioner raises three grounds in support of his claim that BOP officials failed to follow their own regulations and thus violated his due process rights. All of the grounds are meritless.

First, Petitioner argues that BOP prison officials did not present him with charges within 24 hours of the alleged conduct in violation of 28 C.F.R. § 541.5(a), formerly codified at 28 C.F.R. § 541.15(a). Specifically, § 541.5(a) states that a prisoner is to "ordinarily receive incident report within 24 hours of staff becoming aware of [his] involvement in the incident." Petitioner claims that, because he was presented with notice of the charges two months after the fight occurred, he was deprived of due process.

This is incorrect for two reasons. First, unlike mandatory regulations such as 28 C.F.R. § 541.7(d)(3), see Malik v. Wilkerson, No. 93-5271, 1994 WL 61804 (E.D. Pa. Feb. 28, 1994), § 541.5(a) is not mandatory in the sense that BOP officials must provide a copy of the incident report to a prisoner within 24 hours of the commission of the conduct in question. Instead, "ordinarily" is a discretionary term, and "prison officials are given wide discretion to adopt and execute their policies needed to maintain internal order." Barner, 233 F. App'x at 199 n.5. Indeed, in its former iteration, the

7

regulation was accompanied by § 541.15(k), which permits BOP officials to extend the time limit for good cause shown and documented in the record. E.g., Ortiz v. Holt, 390 F. App'x 150, 152 (3d Cir. 2010). Here, BOP officials admitted to the delay in producing the incident reports, attributing it in part to the need for a lengthy investigation.[4] Resp't's Resp. Ex. A, at 1-2; Id. Ex. B, at 1, 5. The Court agrees that because the hostilities involved several inmates, it necessitated a lengthier period of time for investigation. See Barner, 233 F. App'x at 199-200 (holding that a four-month-long investigation and subsequent notice of charges were justified because the investigation involved other inmates).

Second, Petitioner "has not shown that the regulation specifying the time at which a person must be notified of the charge either itself creates a liberty or property interest, or that its violation necessarily abridges the constitutional protections established in Wolff." Id. at 199 n.5 (citing Sandin v. Conner, 515 U.S. 472, 487 (1995)); see also Aponte v. Bureau of Prisons, No. 10-140, 2012 WL 1865501, at *4 (W.D. Pa. May 22, 2012) (rejecting a prisoner's attempt to "constitutionalize the procedural provisions of the CFR regarding prison disciplinary

---

[4] BOP officials also claim that there was a delay in their becoming aware of the incident. This assertion does not appear credible, given some of the officials actually witnessed at least part of the incident.

proceedings," wherein the prisoner "equat[ed] those procedures required by the CFR with the procedures required by the United States Constitution"). Petitioner cannot demonstrate that BOP officials failed to comply with Wolff or that he suffered prejudice as a result of this delay. To the contrary, Petitioner received copies of the incident reports well over 24 hours in advance of the two hearings, which met the Wolff notice requirement and provided him adequate preparation time. See Barner, 233 F. App'x at 199-200. Moreover, Petitioner himself "indicated the delay [in providing him with the report] has not adversely affected [his] ability to defend [him]self." Resp't's Resp. Ex. A, at 1-2; Id. Ex. B, at 1, 5. Thus, because the Wolff standard was met and he was not prejudiced by the alleged delay, this claim fails.

Petitioner also claims that BOP officials violated 28 C.F.R. § 541.7(c), formerly codified at 28 C.F.R. § 541.15(b), by not conducting a hearing within three days of the alleged conduct. § 541.7(c) requires that an initial hearing before a Unit Disciplinary Committee (UDC) ordinarily be held within "five work days after [the incident report] is issued."[5]

---

[5] Petitioner relies on § 541.15(b), which gives a three-day, nonmandatory deadline to hold a hearing from the date of the incident. But in its current iteration, § 541.7(c), the requirement is extended to five days from the date the report is issued. Because the hearings in question were held seven days

Petitioner argues that, because he did not receive a hearing within three working days after the incident, his due process rights were violated.

This delay argument fails for the same reasons as those mentioned above: the BOP officials' failure to follow the regulatory timetable cannot rise to the level of a due process violation under Wolff because Petitioner received at least 24 hours' notice of the hearings and was not prejudiced by the delay. See Aponte, 2012 WL 1865501, at *4 (holding that a violation of the hearing time requirement "does not automatically equate to a violation of [] Due Process rights") (quoting Donaldson v. Samuels, No. 4-07-1072, 2007 WL 3493654, at *5 (M.D. Pa. Nov. 13, 2007)). Again, Petitioner conceded that "the delay [did] not adversely affect[] [his] ability to defend [him]self and [he] acknowledged [he] w[as] ready to proceed with the hearing." Resp't's Resp. Ex. A, at 1-2; Id. Ex. B, at 1, 5.

Finally, Petitioner claims BOP officials violated 28 C.F.R. § 541.8(h), previously codified at 28 C.F.R. § 541.17(g), by failing to provide to him action copies of the DHO's post-hearing report within 24 hours of making a determination.[6] Even

---

after notice was provided to Petitioner, the difference is insignificant.

[6] Section 541.8(h), unlike its predecessor, does not impose a time requirement for when a copy must be provided to a prisoner after a hearing.

10

assuming that the BOP officials failed to submit action copies of their determination to Petitioner, he must still demonstrate that the failure to provide him with copies prejudiced him. Cook v. Warden, Fort Dix Corr. Inst., 241 F. App'x 828, 829 (3d Cir. 2007) (per curiam); Corley v. Hogsten, No. 11-97, 2011 WL 3809939, at *3 (E.D. Ky. Aug. 25, 2011). Here, he cannot demonstrate prejudice. On the contrary, he experienced no difficulty in properly exhausting his administrative appeals—the appeals are timely, and he effectively presented his due process arguments at each of the BOP's administrative levels and, ultimately, before the Court.

In short, the Court finds that Petitioner's attempts to constitutionalize these BOP regulations and to demonstrate prejudice fall short, and the claims must fail.

    B.    <u>Sufficiency of the Evidence and Retaliation Claims</u>

Petitioner challenges the sufficiency of the evidence presented at his hearings. He argues that the DHO refused to consider a written statement declaring his innocence, an exculpatory videotape, and a witness who would have testified that he acted in self-defense, and that these refusals tainted the impartiality of the hearings. Pet'r's Resp. 5-6. However, the evidence demonstrates that he did not request witnesses and waived the right to a staff representative. Resp't's Resp. Ex. A, at 1; Id. Ex. B, at 4. What is more, for its findings, the

DHO relied on videotaped evidence of the fight and eyewitness testimony showing Petitioner actively participated in the physical altercation, ignored cease-and-desist orders, and attempted to stab another inmate twice. Id. Ex. A, at 2; Id. Ex. B, at 5. Even assuming the existence of Petitioner's potentially helpful evidence, it does not "nullify the conclusion that the DHO decision was supported by 'some evidence' and that the requirements of due process were satisfied." Campbell, 432 F. App'x at 51.

Petitioner also argues that BOP officials falsified the incident reports in retaliation for a complaint he filed against one of them. Assuming that Petitioner's allegations are true and that BOP officials' actions were motivated by a desire to retaliate, this claim fails because, here, the decision to deny good-time credits was supported by the videotape of the incident and the testimony of a credible witness. Under these circumstances, as Wolff's low evidentiary standard ("some evidence") is satisfied, the DHO's independent findings "essentially checkmate[] [a] retaliation claim." McGee v. Scism, 463 F. App'x 61, 63 (3d Cir. 2005) (per curiam) (quoting Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994)).[7]

---

[7] Additionally, Plaintiff claims retaliation in that BOP officials, as further punishment for filing the above-mentioned complaint against one of their own, delayed completing the investigation so as to extend his time in solitary confinement.

12

## V. CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's § 2241 Petition.

---

Because this claim does not relate to the loss of good-time credits, and because "the simple or garden variety transfer to administrative segregation . . . fall[s] short of implicating how a sentence is being 'executed,'" it is not appropriate for a § 2241 Petition. McGee, 463 F. App'x at 63 (citing Woodall, 432 F.3d at 243). Such a claim must be brought, if at all, under the aegis of 42 U.S.C. § 1983.